612

David S. JOHNSON, Plaintiff,

v.

CITY OF WILLOUGHBY HILLS, et al., Defendants.

No. C85–3883.

United States District Court, N.D. Ohio, E.D.

Feb. 3, 1989.

Joshua J. Kancelbaum, Lyndhurst, Ohio, for plaintiff.

Charles K. Webster, Roger A. Andrachik, Andrachik & Webster, Cleveland, Ohio, for defendants.

ORDER

BATTISTI, Chief Judge.

Plaintiffs David Johnson, Timothy Salupo, and the Zebra Company have brought this suit under 42 U.S.C. § 1983 against the City of Willoughby Hills, OH, Mayor Melvyn Schaefer, Chief of Police Fred Heyer, and Officers Robert D. Ovens, Lyn Swetel, and Jack Berwold. The first count of the Complaint alleges that the Defendant officers, acting under color of law and the direction of Defendants Heyer and Schaefer, conducted unreasonable searches and seizures of Plaintiffs' property pursuant to warrants which were issued without a showing of probable cause. Count Two alleges that the Defendants are enforcing the city's zoning ordinances in a discriminatory manner in violation of Plaintiffs' rights to due process and equal protection of the laws as guaranteed by the Fourteenth Amendment. Count Three alleges that the city's requirement of a one thousand dollar deposit with all application for use variances constitutes a deprivation of Plaintiffs' property without due process of law. Before this Court is Defendants' motion for summary judgment in their favor on all counts.

I. COUNT ONE

A. THE JULY 26, 1985 SEARCH

The question of whether Count One raises any genuine issues of material fact must be evaluated in light of the Supreme

Court's great deference, absent a showing of bad faith, to a magistrate's finding of probable cause. In *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), the Supreme Court warned,

> A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting ... Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. 380 U.S. at 108–109, 85 S.Ct. at 745–746 (1965)

On July 26, 1985, the Defendant police officers conducted a search of Plaintiffs' property pursuant to a warrant issued by Judge Elaine Crane of the Willoughby Municipal Court. This warrant was based upon the affidavit of Defendant Jack Berwald which alleged that the officer had observed unlicensed motor vehicles on the property of Plaintiff Zebra Corporation and that such vehicles constituted evidence of a violation of Section 521.10 of the Codified Ordinances of the City of Willoughby Hills.

Plaintiffs contend that this warrant was issued without probable cause because it was based upon an erroneous conclusion of law. Specifically, Plaintiffs argue that Section 521.10(b) of the city's ordinances does not render the possession of an unlicensed motor vehicle a minor misdemeanor until ten days after the property owner receives written notice from the city ordering removal of the vehicles.[1] Since the Plaintiffs had not received any written notice from the city, they contend that the unlicensed motor vehicles in question could not constitute evidence of the commission of a criminal offense. And therefore, it is argued that Officer Berwald's observation of these vehicles as described in his affidavit failed to establish probable cause that evidence of the commission of a criminal offense was present on the property to be searched as required by Rule 41(B) of the Ohio Rules of Criminal Procedure.

Although Plaintiffs' interpretation of the ordinance is plausible, it is certainly not the only or the obvious interpretation one might embrace after a reading of the entire ordinance. Reading parts (a), (b), and (d) together, one might interpret Section 521.-10 to mean that the storing of unlicensed motor vehicles on property zoned for residential uses constitutes a minor misdemeanor offense regardless of whether the offender has received notice of the violation. Under this view, part (b) of the ordinance would simply be read to mean that each day in violation following a ten-day written notice constitutes an additional offense.

■ It is unnecessary for this Court to speculate as to which interpretation Judge Crane based her finding of probable cause or which interpretation captures the true

---

1. Section 521.10 of the Willoughby Hills ordinances reads:

    "(a) No owner, person, firm or corporation in possession of premises within the City shall store or permit to be stored any unlicensed motor vehicle upon any lot or land designated as within the boundaries of a residential district by the zoning ordinance, unless such unlicensed motor vehicle shall be in a completely enclosed building or garage.

    "(b) Upon written notice from the Building Inspector, or by any member of the Police Department such owner, person, firm or corporation in possession shall forthwith remove any unlicensed motor vehicle stored or permitted to be stored as provided in subsection (a) hereof. Each day after such written notice, such unlicensed motor vehicle remaining in the open on any such lot or land shall constitute a separate offense. (underscoring added)

    \* \* \* \* \* \*

    "(d) Whoever violates this section is guilty of a minor misdemeanor."

meaning of Section 521.10 as intended by the Willoughby Hills City Council. Judge Crane's legal analysis is not at issue in this case. The issue raised by Plaintiff's Complaint is whether the Defendant police officers' conduct violated the Plaintiffs' constitutional rights. The Supreme Court's preference for search warrants affords "great deference" to the judgment of the issuing court. *Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 590–91, 21 L.Ed.2d 637 (1969). As mentioned earlier, since reasonable minds often differ as to whether probable cause for a particular search has been established, the Supreme Court has held that "in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fall." *Ventresca, supra,* 380 U.S. 102, 106, 85 S.Ct. 741, 744, 13 L.Ed.2d 684 (1965). The July 26, 1985 search of Plaintiffs' property represents the type of "marginal case" that warrants deference by this Court. Absent a showing of bad faith, the validity of the July 26, 1985 search warrant should be upheld. Since Plaintiffs have failed to offer any evidence, beyond conclusory arguments, that Officer Berwald was acting in bad faith when he filed a supporting affidavit stating that he had observed unlicensed motor vehicles which constituted evidence of a criminal offense, this Court must conclude that Plaintiffs have failed to raise any issues of fact material to the constitutionality of the July 26, 1985 search. Therefore, summary judgment is hereby granted in favor of all defendants with regard to all claims stemming from the July 26, 1985 search.

### B. THE AUGUST 16, 1985 SEARCH

■ Count One further alleges that on August 16, 1985 the Defendant police officers conducted another search of Plaintiffs' property pursuant to a search warrant issued without probable cause. Plaintiffs argue that the search warrant lacked probable cause because the zoning ordinance upon which it was based is unconstitutional.

Plaintiffs have failed to raise any questions of fact material to the issue of the Defendant police officers' liability under § 1983 for the August 16, 1985 search. In *Pierson v. Ray,* 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1966), the United States Supreme Court held that a police officer should generally not be held liable "for acting under a statute that he reasonably believed to be valid but that was later held unconstitutional." More recently, the Supreme Court ruled in *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1981)

> "that government officials performing discretionary functions ... generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

In *Floyd v. Farrell,* 765 F.2d 1 (1st Cir. 1985), the court further explained the Supreme Court's *Harlow* decision:

> The *Harlow* standard requires that we make an objective analysis of the reasonableness of conduct in light of the facts actually known to the officer and not consider the individual officer's subjective assessment of those facts. Nor are actual motives for conduct to be considered in evaluating a qualified immunity defense. 765 F.2d at 6.

Although this Court is not prepared to rule at this time on the constitutionality of Willoughby Hills' zoning ordinances, it is apparent from the briefing that the alleged violation of Plaintiffs' constitutional rights was not of such a sufficiently obvious nature so as to warrant a waiver of the Defendant officers' qualified immunity. Therefore, summary judgment is hereby granted in favor of Defendant police officers Jack Berwold, Robert D. Owens, and Lyn Swetel on Count One of the Complaint.

## II. COUNTS TWO AND THREE

For the reasons outlined in the prior section of this Opinion regarding the August 16, 1985 search, summary judgment is hereby granted in favor of Defendant officers Jack Berwold, Robert D. Owens, and Lyn Swetel on Counts Two and Three of the Complaint.

### III. SUMMARY

By this Order, the Court is granting Defendants' Motion for Summary Judgment in part and will defer ruling on the remaining issues raised by the Motion until after the parties have had the opportunity to make complete oral arguments. Summary judgment is granted in favor of Defendant police officers Jack Berwold, Robert D. Owens, and Lyn Swetel on all counts. Summary judgment is also granted in favor of the remaining defendants on all claims stemming from the July 26, 1985 search.

Remaining as defendants, until further order of this Court, are the City of Willoughby Hills, Mayor Melvyn Schaefer, and Chief of Police Fred Heyer. The parties are hereby ordered to contact the Court within ten (10) days to schedule a hearing on the remaining issues presented by Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.